JUDGE GRIESA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEATRICE A. OLUOCH<br>106 Moran Court<br>Frederick, MD 21702<br><br>               Plaintiff,<br><br>v.<br><br><br>STELLA KERUBO ORINA,<br>South B<br>Kariba Estate, Gate #2<br>Nairobi, Kenya<br><br>               Defendant. | COMPLAINT<br><br>Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

RECEIVED MAY -6 2011 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

COMES NOW the Plaintiff, Beatrice Oluoch ("Plaintiff"), through counsel, Barbara P. Smith, as and for her Complaint and states as follows:

### PARTIES

1. Plaintiff Beatrice Oluoch is an adult resident of the State of Maryland and a national of Kenya. Defendant Stella Kerubo Orina employed Plaintiff as a domestic employee. Employment took place in the State of Maryland from July 10, 2006 through May 31, 2007, and in the State of New York from May 31, 2007 through September 4, 2007.

2. Defendant Stella Kerubo Orina is a resident and citizen of Kenya. Prior to returning to Kenya, Defendant resided in Fresh Meadows, New York. Defendant Stella Orina worked for the mission of Kenya to the United Nations in New York City, New York.

## JURISDICTION

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Ms. Ouloch's state-law claims pursuant to 28 U.S.C. §1367.

## VENUE

4. Venue is proper in this judicial district of the State of New York pursuant to 28 U.S.C. § 1391, because the Defendant is a foreign citizen and a substantial portion of the events giving rise to this action occurred in New York.

## STATEMENT OF FACTS

5. On July 10, 2006, Plaintiff was brought to the United States as Defendant's domestic servant on an A-3 visa.

6. Plaintiff worked for Defendant in the United States from the time she was brought to the Unites States at Bethesda, Maryland until May 31, 2007 and at Fresh Meadows, New York until September 4, 2007, when she escaped from Defendant's residence in Fresh Meadows, New York.

7. Plaintiff and Defendant signed a contract with the United States Department of State guaranteeing that Defendant would pay Plaintiff $8.00 per hour, forty hours per week and time and a half for over 40 hours in addition to room and board. Plaintiff and Defendant signed another contract for work in New York, guaranteeing that Defendant would pay Plaintiff $9.96 per hour, forty hours per week and time and a half for over 40 hours in addition to room and board. Plaintiff began working in New York on May 1, 2007.

8. Defendant paid Plaintiff partially in cash and partially by forwarding monies to Plaintiff's family back in Kenya. On alternating months, Defendant paid Plaintiff either $150 US Dollars in cash, or $50 US Dollars in cash with the remainder of $100 US Dollars sent to Plaintiff's family in Kenya. The total amount paid to Plaintiff was $150 US Dollars per month.

9. Defendant never kept records of such payment as required by law.

10. During her employment with Defendant, Plaintiff performed duties as both a domestic employee in charge of housekeeping and as a care-provider for Defendant's two children, ages 18 months and 8 years.

11. Plaintiff worked 13 hours a day, 7 days a week. She was not permitted to take days off.

12. Even when the children were asleep, or when the Plaintiff herself was sleeping, she remained "on-call" to respond to the children should the children wake up.

13. On or around September 5, 2006, Defendant confiscated Plaintiff's passport and refused to return it.

14. Plaintiff was verbally abused by Defendant.

15. Plaintiff was not allowed to leave Defendant's house.

16. Plaintiff was not allowed to use the telephone except to answer calls for Defendant.

17. Plaintiff finally was able to obtain her passport back from Defendant when she was required to travel with Defendant's children to Minnesota on a trip. When Plaintiff refused Defendant's demand to confiscate the passport a second time, Defendant became angry and violent, ransacking Plaintiff's room in search of the passport, and repeatedly threatening to kill Plaintiff if she did not hand over the passport.

18. Plaintiff was finally able to escape from Defendant's employment on September 4, 2007.

## FIRST CLAIM FOR RELIEF

**Forced Labor Violation of the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§ 1589, 1595**

19. Ms. Oluoch realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

20. Defendant knowingly developed a scheme, plan, or pattern to recruit and obtain the labor and services of Ms. Oluoch, subjecting Ms. Oluoch to a condition of involuntary servitude, forced labor, and enslavement in violation of 18 U.S.C. § 1590. Ms. Oluoch is permitted to bring a civil cause of action under the Trafficking Victims Protection Reauthorization Act of 2003, 18 U.S.C. § 1595.

21. Defendant's actions were conceived of maliciously, in the spirit of mischief and with a criminal indifference to civil obligations.

22. As a direct and proximate result of Defendant's actions, Ms. Oluoch suffered injuries, including emotional distress and economic loss.

23. Ms. Oluoch is entitled to recover damages in an amount to be proven at trial, including attorney's fees.

## SECOND CLAIM FOR RELIEF

**Trafficking with Respect to Peonage, Slavery, Involuntary Servitude or Forced Labor in Violation of the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§ 1590, 1595**

24. Ms. Oluoch realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

25. The Defendant knowingly transported and harbored Ms. Oluoch and knowingly obtained Ms. Oluoch's labor and services by threats of serious harm, scheme, or pattern of behavior and/or abuse of the legal process within the Forced Labor provision of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589.

26. Ms. Oluoch brings these claims pursuant to 18 U.S.C. § 1595, which provides a civil right of action for victims of force labor.

27. As a direct and proximate result of Defendant's actions, Ms. Oluoch suffered injuries, including emotional distress and economic loss.

28. Ms. Oluoch is entitled to recover damages in an amount to be proven at trial, including attorney's fees.

### THIRD CLAIM FOR RELIEF

**State Minimum Wage and Overtime,**

**N.Y. Labor Law §§ 190 et seq. and MD Code Ann., Lab. & Empl. §§ 3-401 et seq.**

29. Ms. Oluoch realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

30. Ms. Oluoch was employed by Defendant within the State of Maryland from July 10, 2006 through April 30, 2007, and within the State of New York from May 1, 2007 through September 4, 2007.

31. Ms. Oluoch was not paid the minimum wage, including overtime, required for the number of hours worked by her during her employment.

32. Defendant employed Ms. Oluoch within the meaning of the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, et seq. and within the meaning of the New York Wage and Hour Law, N.Y. Labor Law §§ 190 et seq.

33. Defendant's intentional and willful failure to pay Ms. Oluoch the minimum wages required by law violates New York Wage and Hour Law and the Maryland Wage and Hour Law, from the commencement of her employment as a domestic worker on July 10, 2006 until September 4, 2007.

34. Defendant's willful failure to pay Ms. Oluoch overtime pay for work in excess of 40 hours per week violates Maryland Wage and Hour law, and Defendant's failure to pay Ms. Oluoch overtime pay for work in excess of 44 hours per week violates New York Wage and Hour Law from the commencement of her employment as a domestic worker until September 4, 2007.

35. Defendant's willful failure to pay Ms. Oluoch on a regular schedule at any time throughout her employment as a domestic worker violates the Maryland Wage and Hour Law and New York Wage and Hour Law.

36. At all times relevant hereto, the relationship between Defendant and Ms. Oluoch was one of a private master and servant, and Ms. Oluoch was not employed as if she were an employee of a governmental agency or authority.

37. As a direct and proximate result of Defendant's actions, Ms. Oluoch suffered damages.

38. Ms. Oluoch is entitled to an award of damages for all unpaid compensation due her for employment by Defendant, including minimum wages and unpaid overtime compensation in an amount not less than $44,384.00, plus interest, liquidated damages

and reasonable attorneys' fees and costs of this action, pursuant to the New York Wage and Hour Law, N.Y. Labor Law § 198 and Md. Code Ann., Lab. & Empl. §§ 3-501- 3-507.2.

## FOURTH CLAIM FOR RELIEF

### Breach of Contract

39. Ms. Oluoch realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

40. Ms. Oluoch and Defendant entered into an employment agreement, whereby Ms. Oluoch agreed to care for Defendant's children, clean her home, and cook, and Defendant agreed to pay Ms. Oluoch a rate of $8/hour, and an overtime wage rate of 1.5 times her regular wage for every hour over 40 hours that Ms. Oluoch worked per week. Ms. Oluoch and Defendant entered into a second employment agreement, whereby Defendant agreed to pay Ms. Oluoch a rate of $9.96/hour, and overtime wage rate of 1.5 times her regular wage for every hour over 40 hours that Ms. Oluoch worked per week, beginning on May 1, 2007. Defendant also contracted to provide Ms. Oluoch with two days off per week.

41. Ms. Oluoch fully performed her obligations of house work and child-care.

42. Ms. Oluoch worked 13 hours per day, seven days per week for a period of 14 months.

43. Defendant intentionally and willfully failed and refused to pay Ms. Oluoch the wages promised in her contract and failed to provide Ms. Oluoch with promised number of days off.

44. Defendant refused to pay Ms. Oluoch the wages promised in her contract, and failed to provide the aforementioned benefits with a conscious and deliberate disregard of the

interests of others such that her conduct may be called willful or wanton, and that such conduct has the character of outrage frequently associated with criminal conduct.

45. At all times relevant hereto, the relationship between the Defendant and Ms. Oluoch was one of a private master and servant, and Ms. Oluoch was not employed as if she were an employee of a governmental agency or authority.

46. As a direct and proximate result of Defendant's actions and omissions, Ms. Oluoch suffered damages.

47. Ms. Oluoch is entitled to recover damages in an amount to be proven at trial, including attorney's fees.

## **FIFTH CLAIM FOR RELIEF**

### Fraud

48. Ms. Oluoch realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

49. Defendant made false representations regarding the conditions under which Ms. Oluoch would be employed by Defendant, in order to induce Ms. Oluoch to come to the United States.

50. Defendant knowingly deceived Ms. Oluoch with the above-mentioned misrepresentations, including the promise of specified wages and appropriate working conditions in order to entice Ms. Oluoch to come to the United States and to force her to work as an unpaid domestic worker in her household.

51. At the time that Defendant made the foregoing representations and promises to Ms. Oluoch, Defendant had no intention of carrying out such representations and promises.

52. Defendant induced Ms. Oluoch to come to the United States with the aforementioned misrepresentations with the purpose of defrauding Ms. Oluoch, by inducing Ms. Oluoch to travel to the United States to receive the promised employment.

53. Ms. Oluoch had the right to and in fact did rely on Defendant's misrepresentations to her detriment and as a result was forced to work as a domestic worker for Defendant, thereby enduring the psychological abuse that accompanied this employment to her economic, physical, psychological, and financial detriment.

54. Ms. Oluoch is entitled to recover damages in an amount to be proven at trial, including punitive damages and attorney's fees.

### SIXTH CLAIM FOR RELIEF

**Unjust Enrichment**

55. Ms. Oluoch realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

56. Ms. Oluoch rendered services as a live-in domestic worker to Defendant in good faith and with the expectation that she would be fairly compensated for such services.

57. Defendant accepted these services and in turn failed to compensate Ms. Oluoch for the fair market value of her services.

58. Defendant has been unjustly enriched at Ms. Oluoch's expense.

59. At all times relevant hereto, the relationship between Defendant and Ms. Oluoch was one of a private master and servant, and Ms. Oluoch was not employed as if she were an employee of a governmental agency or authority.

60. Ms. Oluoch is entitled to recover damages in an amount to be proven at trial, including attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Beatrice Oluoch, respectfully prays for judgment against Defendant granting the following relief:

a. All recoverable compensatory, punitive and other damages sustained by Plaintiff;

b. Actual and/or statutory damages for injuries suffered by Plaintiff in the maximum amount permitted by applicable law;

c. Appropriate equitable relief as may be allowable under applicable law;

d. Payment of reasonable attorneys' fees, costs, and expenses as may be allowable under applicable law; and

e. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: May ____, 2011

Respectfully Submitted,

Barbara P. Smith, Attorney
Counsel for Plaintiff

2401 Blueridge Avenue, Suite 407
Silver Spring, MD 20902
(301) 942-0303