IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEATRICE A. OLUOUCH )<br>106 Moran Court )<br>Frederick, MD 21702 )<br>)<br>         PLAINTIFF, )<br>)<br>)<br>  -against-           )<br>)<br>)<br>STELLA KERUBO ORINA )<br>South B )<br>Kariba Estate, Gate #2 )<br>Nairobi, Kenya )<br>         DEFENDANT. )<br>_____) | Civil Action No.<br>11 CV 3117 |

---

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY DEFENDANT, STELLA KERUBO ORINA, TO DISMISS THE COMPLAINT ON THE GROUNDS OF INSUFFICIENT SERVICE OF PROCESS**

---

Aaron D.P. Shapiro (AS9199)
The Shapiro Law Firm, LLC
11 Broadway, Suite 615
New York, NY 10004
(212) 444-8064
aaron@theshapirolawyers.com
*Attorney for Defendant Stella Kerubo Orina*

## PRELIMINARY STATEMENT

Defendant, Stella Kerubo Orina, a citizen and national of Kenya, submits this Memorandum of law in support of her motion to dismiss the Complaint brought by Plaintiff, a citizen and national of Kenya, currently residing in Maryland. Defendant is a Kenyan attorney who was in the United States in her official capacity, representing the Kenya Mission to the United Nations. During much of her time in the United States, Defendant employed Plaintiff as a domestic employee. The complaint alleges a series of allegations related to Defendant's employment and treatment of Plaintiff.

The complaint alleges that Defendant, an attorney and Kenyan advocate for human rights, knowingly transported and harbored Plaintiff in order to obtain her labor and services by utilizing means that violate the Forced Labor provision of the Trafficking Victims Protection Act of 2000, 18 U.S.C. § 1589. The complaint further alleges that Defendant knowingly developed a scheme, plan, or pattern to recruit and obtain the labor and services of Plaintiff, subjecting her to a condition of involuntary servitude, forced labor, and enslavement. Additionally, the complaint alleges violations of state labor laws, breach of contract, fraud, and unjust enrichment.

## STATEMENT OF FACTS

Plaintiff filed the summons and complaint in the U.S. District Court for the Southern District of New York on May 6, 2011. Defendant first learned about this case from a Kenyan local media outlet in July of 2011, when it was reported that a case had been filed against her in May of 2011. Defendant first received the Summons and

Complaint when her co-worker, employed by the Legal Directorate of the Ministry of Kenya, handed Defendant a FedEx envelope containing the Summons and Complaint in mid-August, 2011. Subsequently, Defendant learned that Plaintiff concurrently sent a copy of the summons and complaint to the Embassy of Kenya in Washington, D.C.

As a result of the insufficient service, news of the lawsuit circulated prior to Defendant being served with a copy of the summons and complaint, thereby tarnishing her professional reputation and negatively-impacting her ability to defend herself. Defendant moves under Fed. R. Civ. P. 12(b)(5) for dismissal of the complaint as against her on the ground that the summons and complaint were insufficiently served upon her and that Defendant was prejudiced as a result of the insufficient service.

## ARGUMENT

### A.   APPLICABLE LAW

#### 1.   Methods of Serving Foreign Defendants

Federal Rule of Civil Procedure 4 provides for acceptable methods of service of a summons and complaint in federal court. Rule 4(h), when read together with 4(f) provides that a foreign defendant, like Defendant, may be served outside the United States by:

> 1. any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> 2. if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method

2

      that is reasonably calculated to give notice:

        A. as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

        B. as the foreign authority directs in response to a letter rogatory or letter of request; or

        C. unless prohibited by the foreign country's law, by

          i. delivering a copy of the summons and of the complaint to the individual personally; or

          ii. using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

   3. by other means not prohibited by international agreement, as the court orders.

**2. Legal Principles**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for insufficient process. *See, Gateway Overseas, Inc. v. Nishat (Chunian) Ltd.*, No. 05 CV 4260 (GBD), 2006 WL 2015188, at *5 (S.D.N.Y. Jul. 13, 2006). "Without proper service a court has no personal jurisdiction over a defendant." *Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y. 2003); *see, Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. DE C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006); *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 234 F.R.D. 59, 61 (S.D.N.Y. 2005) ("[without proper service] actual notice alone will not sustain personal jurisdiction over a defendant") (Kaplan, J.). Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy. *See, Weston Funding,*

LLC, 451 F. Supp. 2d at 589; *Am. Institute of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998). In deciding a motion to dismiss pursuant to Rule 12(b)(5), a Court must look to matters "outside the complaint to determine whether it has jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

**B.   THE SUMMONS AND COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT FOR INSUFFICIENT SERVICE OF PROCESS**

Defendant is an individual citizen and national of Kenya, domiciled in Kenya. *See, Summons and Complaint.* In order to serve Defendant, Plaintiff must comply with Rules 4(h) and 4(f). Thus, Plaintiffs are required to provide service upon Defendant pursuant to the Kenyan law on service of foreign legal process in Kenya. Chapter 21, Order 5, rule 32 of the Civil Procedure Act sets forth the procedure by which one must serve foreign legal process in Kenya:

> 32.   Where in any civil or commercial matter pending before a court or tribunal of a foreign country a letter of request from such court or tribunal for service on any person in Kenya of any process or citation in such matter is transmitted to the High Court, with an intimation that it is desirable that effect should be given to the same, the following procedure shall be adopted—
>
> (*a*)   the letter or request for service shall be accompanied by a translation thereof in the English language, and by two copies of the process of citation to be served, and two copies thereof in the English language;
>
> (*b*)   service shall be effected by delivering to and leaving with the person to be served one copy of the process to be served, and one copy of the translation thereof, in accordance with the rules and practice of the High Court of Kenya regulating service to persons;

    (c)    after service has been effected the process server shall return to the Registrar of the High Court one copy of the process together with the evidence of service by affidavit of the person effecting the service verified by a magistrate and particulars of charges for the cost of effecting such service;

    (d)    the particulars of charges for the cost of effecting service shall be submitted to the Registrar of the High Court, who shall certify the correctness of the charges, or such other amount as shall be properly payable for the cost of effecting service;

    (e)    the Registrar shall return the letter of request for service received from the foreign country, together with the evidence of service with a certificate appended thereto duly sealed with the seal of the High Court for use out of the jurisdiction; and such certificate shall be in Form No. 11 of Appendix A.

*The Civil Procedure Act, Chapter 21, Order 5, rule 32, Revised Edition 2010 (2009).*

To date, Plaintiffs have not served Defendant in accordance with the Kenyan Civil Procedure Act or the Federal Rules of Civil Procedure.

Plaintiff's attempt to serve Defendant by sending the summons and complaint to her office via FedEx does not constitute sufficient service. Mailing a copy of the summons and complaint to a co-worker fails to satisfy the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or the Kenyan law on service of foreign legal process. Accordingly, unless either the Court ordered the service or the clerk addressed and sent the FedEx envelope, which would have required a signed receipt, there is no reasonable basis for any inference that such service would qualify as sufficient service of process.

Accordingly, since Plaintiff has failed to effect service of process upon Defendant in accordance with the Federal Rules of Civil Procedure, the summons and complaint should be dismissed as to defendant for insufficient service of process.

## CONCLUSION

For the foregoing reasons, the claims as to Defendant should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, due to insufficient service of process.

                Respectfully submitted,

                The Shapiro Law Firm, LLC

Signature: _____
                Aaron Shapiro, Esq.
                11 Broadway, Suite 615
                New York, NY 10004
Telephone:  (212) 444-8064
Fax Number:  (212) 981-2726
Email:  aaron@theshapirolawyers.com
*Attorney for Defendant*

Dated: October 19, 2011
       New York, New York

6

## CERTIFICATE OF SERVICE

I, Aaron Shapiro, Esq., an attorney admitted to practice law as an attorney and Counselor of Law before the United States District Court for the Southern District of New York, affirm the following under penalty of perjury:

That on October 19, 2011, I served a true copy of the within documents on the following party by utilizing the Court's ECF system:

    Barbara P. Smith, Esq.
    Johnson Immigration Law, PC
    2401 Blueridge Avenue, Suite 407
    Silver Spring, MD 20902
    *Attorney for Plaintiff*

Signature: _____
    Aaron Shapiro, Esq.
    11 Broadway, Suite 615
    New York, NY 10004
Telephone:  (212) 444-8064
Fax Number:  (212) 981-2726
Email:  aaron@theshapirolawyers.com
*Attorney for Defendant*

Dated: October 19, 2011
    New York, New York